The Honorable Jim Holt State Representative P.O. Box 7221 Springdale, AR 72766-7221
Dear Representative Holt:
You have presented two questions for my opinion. They arise out of Attorney General Opinion No. 2002-143, previously issued by this office. In that opinion, my predecessor addressed the question of whether a county sheriff, who is paid by government funds to operate and dispatch a radio system for the county's small town municipal law enforcement, can deny radio access to a constable if the constable is a state certified law enforcement officer. Before discussing the issue, my predecessor made the following initial observation:
 [T]he arrangement you have referenced under which the county is providing law enforcement services to municipalities is unclear. If such services are being provided pursuant to an interlocal agreement, the terms of that agreement may address the question you have raised and must therefore be consulted.
Op. Att'y Gen. No. 2002-143 at 1.
You have now provided me with a copy of a "System Service Agreement" between the Arkansas Crime Information Center and the Washington County Sheriff's Office, and have presented the following questions concerning that agreement:
(1) Is the System Service Agreement in fact an Interlocal Agreement?
 (2) Does the term "full service" mean access in all means of communication including radio access for law enforcement purposes?
RESPONSE
Question 1 — Is the System Service Agreement in fact an InterlocalAgreement?
It is my opinion that the System Service Agreement is not an "interlocal agreement" within the meaning of the Arkansas Interlocal Cooperation Act (A.C.A. § 25-20-101 et seq.). "Interlocal agreements," within the meaning of the Arkansas Interlocal Cooperation Act, are agreements between two local governmental units that have the same powers, privileges, and authority, for the purpose of acting jointly and cooperatively in the exercise of such powers to provide services or facilities more efficiently. Interlocal agreements entered into pursuant to the Act must address certain issues and specify certain information.
The System Service Agreement that you have provided and to which your questions refer does not meet this description of an interlocal agreement, within the meaning of the Arkansas Interlocal Cooperation Act.
It should be noted that this conclusion does not indicate that the provisions of the System Service Agreement will not control the issue that was raised in Opinion No. 2002-143. On the contrary, the System Service Agreement may, in fact, bear directly upon the issue.
Question 2 — Does the term "full service" mean access in all means ofcommunication including radio access for law enforcement purposes?
I must decline to answer this question. It is not the appropriate role of the Attorney General to construe the provisions of contracts or other agreements in the context of an Attorney General's opinion, or to interpret the meaning of terms in such contracts or agreements in that context. This type of review often involves factual questions, such as intent, which the Opinions Division of the Attorney General's office is not equipped or empowered by law to investigate and evaluate. The interpretation of the terms of contracts and agreements is a matter that must be handled by the counsel for the interested parties. Any dispute concerning the meanings of contractual terms must ultimately be resolved by the judiciary, which is in a position to consider all appropriate matters that are relevant to construction of the contract and to hear the views of all interested parties.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General